# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SETH WAYNE PRICE, | ) |
|                 Petitioner, | ) Civil Action No. 11 – 1391 |
|                 v. | ) District Judge Terrence F. McVerry |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| JOSEPH MAZURKIEWICZ, | ) |
| Superintendent – SCI-Greensburg, | ) |
| PENNSYLVANIA BOARD OF | ) |
| PROBATION & PAROLE, | |
|                 Respondents. | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be denied in part and dismissed as moot in part.

### II.    REPORT

Seth Wayne Price ("Petitioner") has petitioned the Court for a writ of habeas corpus.[1] He is challenging decisions made by the Pennsylvania Board of Probation and Parole (the "Board"

---

[1] Petitioner vehemently argues that he is bringing his petition pursuant to 28 U.S.C. § 2241, and not § 2254. However, no matter what label Petitioner has placed on his filing, this Court must construe it as being filed under § 2254.:

> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court. . . . If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial

1

or "Parole Board") in connection with his April 2011 revocation of parole and recommitment to a state correctional institution as a technical parole violator and the denial of reparole thereafter. As relief he seeks an order from this Court directing that he be reparoled.

**A. Relevant Background**

On August 29, 2003, Petitioner was charged with committing the following offenses in the following cases:

1. 35 P.S. § 780-113(a)(16) (Possession of a controlled substance) in Bedford County Court of Common Pleas Case No. CP-05-CR-0000390-2003;

2. 18 Pa.C.S. § 3701 (Robbery), 18 Pa.C.S. § 903 (Criminal Conspiracy), and 18 Pa.C.S. § 3921 (Theft by unlawful taking or disposition) in Bedford County Court of Common Pleas Case No. CP-05-CR-0000391-2003;

3. 18 Pa.C.S. § 3701 (Robbery) and 18 Pa.C.S. § 2706 (Terroristic threats) in Bedford County Court of Common Pleas Case No. CP-05-CR-0000392-2003; and

4. 18 Pa.C.S. § 3502 (Burglary), 18 Pa.C.S. § 903 (Criminal Conspiracy), 18 Pa.C.S. § 3921 (Theft by unlawful taking or disposition), and 18 Pa.C.S. § (Receiving stolen property) in Bedford County Court of Common Pleas Case No. CP-05-CR-0000393-2003.

(ECF No. 11-1 at 2-29.)

On December 9, 2003, Petitioner entered a guilty plea to violating 35 P.S. § 780-113(a)(16) (Possession of controlled substance) in Case No. CP-05-CR-0000390-2003. Id. at 3.

---

detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he may proceed under 28 U.S.C. § 2241.

Brian R. Means, **Federal Habeas Manual**, § 1:34 (May 2013) (emphasis in original) (citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody . . . . applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'")).

With respect to his other three cases, Petitioner entered a guilty plea as charged. Id. at 10, 18, 25. On February 9, 2004, he was sentenced to one year of probation for violating 35 P.S. § 780-113(a)(16) in Case No. CP-05-CR-0000390-2003; three to ten years incarceration to be followed by five years of probation for violating 18 Pa.C.S. § 3707 in Case No. CP-05-CR-0000391-2003 (the remaining counts in this case were *nolle prossed*); three to ten years incarceration to be followed by five years of probation for violating 18 Pa.C.S. § 3701 in Case No. CP-05-CR-0000392-2203 (the remaining counts in this case were *nolle prossed*); and to two to four years incarceration for violating 18 Pa.C.S. § 3502 in Case No. CP-05-CR-0000393-2003 (the remaining counts in this case were *nolle prossed*). Id. at 6, 31, 33, 35. The sentences were ordered to run concurrent to one another. Id.

Petitioner was granted parole on June 28, 2006, and he was released on parole on September 5, 2006. Id. at 37-40, 42-45.

On January 26, 2007, Petitioner was charged with violating 75 Pa.C.S. § 3802 (DUI, 2 counts) and four traffic offenses in Bedford County Court of Common Pleas Case No. CP-05-CR-0000084-2007. Id. at 48-53. On March 26, 2007, he was recommitted to a state correctional institution as a technical parole violator for violating conditions of his parole. Id. at 55. On May 2, 2007, he entered a guilty plea to violating 75 Pa.C.S. § 38702 in the aforementioned case and was sentenced to six months of probation. Id. at 58-59. The remaining counts in that case were *nolle prossed*. Id.

On August 14, 2007, Petitioner was recommitted as a convicted parole violator because of the conviction at Case No. CP-05-CR-0000084-2007. Id. at 61-62. He was granted reparole on December 3, 2007 and released on parole on January 6, 2008. Id. at 64-66, 68-70.

3

On February 7, 2011, Petitioner was arrested by parole agents and charged with violating parole condition 5C, which requires parolees to refrain from assaultive behavior. Id. at 72-75. On February 11, 2011, Petitioner waived his rights to a preliminary hearing, a violation hearing, and counsel and admitted that he violated condition 5C of his parole. Id. at 77.

On April 2, 2011, Petitioner was recommitted to a state correctional institution as a technical parole violator for his admitted violation of parole. Id. at 79. He did not seek administrative relief on this decision, nor did he seek relief in the Pennsylvania state courts.

On September 13, 2011, Petitioner was refused parole and scheduled for review in or after May 2012. Id. at 81-82. He filed his habeas petition in this Court on November 1, 2011. (ECF No. 1.) The Parole Board filed an Answer to the petition on February 6, 2012. (ECF No. 11.)

The Court has confirmed with the Pennsylvania Department of Corrections and hereby takes judicial notice of the fact that Petitioner was paroled in August 2012.

**B. Discussion**

Petitioner appears to challenge both the Parole Board's decision to recommit him and their decision to deny him reparole after serving the "backtime" imposed by the most recent parole revocation decision. For the following reasons, his challenge to the Board's recommitment decision is procedurally defaulted and his challenge to the denial of reparole is moot because he has already been paroled.

First, Respondents are correct that Petitioner's claims regarding the Board's decision to revoke his parole and recommit him must be denied because he failed to exhaust these claims in state court. To do this, he had to first seek administrative review with the Board itself, pursuant to 37 Pa. Code § 73.1. He did not do this. Next, he was required to seek review in the

4

Commonwealth Court, pursuant to 42 Pa.C.S. § 763(a), which he also did not do. If the Commonwealth Court denied him relief, he then would have to seek review in the Pennsylvania Supreme Court before he could raise his claims in a federal habeas petition. *See* Williams v. Wynder, 232 F. App'x 177, 180 (3d Cir. 2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court.").

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). *See* Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. The petitioner carries the burden of proving exhaustion of all available state remedies. *See, e.g.,* Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

As noted above, Petitioner did not seek administrative review with the Parole Board, nor did he seek review in the Pennsylvania state courts. In sum, Petitioner did not exhaust his claims challenging the Board's April 2011 recommitment decision, as he was required to do. Because he did not, his claims are procedurally defaulted for the purpose of federal habeas review. *See, e.g.*, Lines v. Larkins, 208 F.3d 153, 160-69 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 703, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." *See, e.g.*, Coleman, 501 U.S. at 750; Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[2] The

---

[2] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has

6

Petitioner points to no evidence that establishes cause for his default or prejudice stemming therefrom. He argues that he should be excused from the exhaustion requirement because the state corrective process is futile and there is no appropriate state remedies for him. This argument obviously has no merit, as he could have appealed the Parole Board's decision to the Commonwealth Court and the Court of Common Pleas' decision to the Superior Court.

Based upon all of the foregoing, Petitioner's claims regarding the Board's decision to revoke his parole and recommit him to a state correctional institution should be denied because they are procedurally defaulted.

As for Petitioner's claims regarding the Parole Board's failure to reparole him, these claims should be dismissed as moot because Petitioner has been paroled since the filing of this petition. It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. *See*, *e.g.*, Spencer v. Kemna, 523 U.S. 1, 7 (1998); *see also* Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added), citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) and Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a 'personal stake in the

---

probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated as here Petitioner admitted to the parole violation.

outcome' of the lawsuit." Id. Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); In re Overland Park Fin. Corp., 236 F.3d 1246, 1254 (10th Cir. 2001), quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992) for the proposition that a case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party."

Applying the above precepts to this case, Petitioner's claims regarding the denial of reparole should be dismissed as moot because he was paroled in August 2012.

### III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be denied in part and dismissed as moot in part.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 18, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Steven Wayne Price
FS4719
SCI Lane
Greensburg, PA  15601
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*